IN THE

# SUPREME JUDICIAL COURT,

FOR THE

# COUNTY OF WALDO,

## 1849.

---

### CLEMENT & al. *versus* WYMAN & als.

A certificate of the oath administered to a poor debtor by two justices of the peace and quorum, stating that the service of the citation was made upon the attorney of record of the creditors, is not invalidated by another statement therein, reciting that I. S. was one of the creditors, when in fact, I. S. was not a creditor.

Such certificate of notice is considered conclusive, unless its effect be destroyed by an agreed statement of facts, or by a voluntary admission of testimony, which might have been excluded.

The provisions of § 27, chap. 148, R. S. are merely directory, and a compliance with them, need not appear of record.

The provision of § 29, chap. 148, R. S., requiring property disclosed to be " set off," is required, only when the debtor discloses more than enough to satisfy the creditor.

The provision of § 33 of same chapter, requiring the justices to give a certificate of the real estate disclosed, applies only when there is some person present at the hearing, authorized to receive it, or application is subsequently made for it.

DEBT upon a poor debtor's six months bond. Defence, performance of one of its conditions, by taking the oath, on the 28th day of June, 1848. Upon so much of the evidence introduced, as was admissible, the court were to render judgment, as the law should require.

The creditors were Cyrus Clement and *Isaacus C. Smith* of Boston. The document, on which the defendants rely, as a citation to the plaintiff, giving notice of the debtor's desire to take the oath, and of the time and place appointed for taking the same, was directed " to Cyrus Clement and *Isaacus Smith,* of Boston in the Commonwealth of Massachusetts, or to George W. Wilcox of Dixmont, their attorney of record." It was served upon said Wilcox.

The certificate of the two justices of the peace and quorum, dated June 28, 1848, alleges that the debtor had caused Cyrus Clement and *Isaacus Smith* of Boston, the creditors, by George W. Wilcox, of Dixmont, their attorney of record, to be notified according to law, &c., and was in the form prescribed by the statute, chapter 148, § 31.

The debtor, in 1846, had lodged with Samuel McLellan some demands, to be collected and the proceeds appropriated to pay debts due from him to certain creditors; and the surplus, if any, to be repaid to said debtor.

The debtor had, also, on the 18th April, 1848, lodged with George H. Gates, a list of accounts for collection, and taken his receipt therefor, with an obligation to pay to said debtor or his order the avails of said accounts, when collected; and on the 18th and 19th of April, had also lodged with Gates, five small notes, taking certificate that they were to be collected for the debtor or returned to him.

The debtor had also, on the 26th June, 1848, assigned to Nathan Wyman, all the debtor's interest in a list of demands, including "a receipt for demands, signed by George H. Gates, hereto annexed," taking from said Nathan Wyman his receipt therefor, stipulating that he would collect and pay the avails of the same to certain specified creditors of said debtor, then to indemnify himself on his liability, as surety for said debtor; then to pay certain other debts of said debtor, according to certain specified priorities; and the surplus, if any, to be refunded to said debtor; with a stipulation that, whenever said debtor should pay and discharge all of said debts and liabilities, the said demands were to be re-assigned to him.

Besides the certificate aforesaid of the administration of the oath to the debtor, the further record of the justices was as follows : —

" Penobscot, ss. June 28, 1848.— At a court holden at Bangor, in said county, by John E. Godfrey and Asa Waterhouse, two justices of the peace and quorum, residing in the city of Bangor, on the day and year above written, appeared Ebenezer Wyman, of Dexter, in said county, and submitted himself to examination under the provisions of the one hundred and forty-eighth chapter of the Revised Statutes of Maine, and the twenty-fourth and other sections of said chapter, said Wyman having previously given legal notice of his desire to have the privilege and benefit of the oath authorized by the twenty-eighth section of said chapter, to George W. Wilcox, of Dixmont, in said county, the attorney of record of Cyrus Clement and Isaacus Smith of Boston, in the Commonwealth of Massachusetts, (as it appears by the citation and return thereon,) the creditors in an execution issued by the Justices of the District Court on the twentieth day of November, A. D. 1847, on a judgment recovered before said Justices, at a court holden at Bangor, in said county, on the first Tuesday of October, A. D. 1847, for five hundred and twenty-seven dollars and fourteen cents, damage, and seven dollars and four cents costs of suit, in favor of said Clement and Smith.   And from the disclosure of said Wyman, it appeared that he was the owner of three swarms of bees and certain equities of redemption, as appears by the records of Penobscot, Somerset and Piscataquis counties, and that he possessed or had under his control, an interest in certain notes and accounts, schedules of which notes and accounts were filed with the justices and are a part of this record.   And said notes on the twenty-sixth day of June, A. D. 1848, appear to have been assigned to Nathan Wyman and Samuel McLellan, by the disclosure of said Ebenezer, and by the receipt of said Nathan, for a valuable consideration.   And the creditors not being present to agree to apply said choses in action, or the debtor's interest therein, in whole or in part, towards the discharge of the debt, the

debtor chose Abner Knowles, a disinterested person, the justices, Joel Hills, a second, and, the creditors being absent, the same justices, H. Chadbourne, a third, who, under oath, appraised such property; and they appraised the interest of the said debtor in said property, at one dollar and no more; whereupon, the creditors being still absent, the debtor deposited with said justices, an assignment in writing to the creditors, of all the property thus appraised, as provided by, and for the purposes set forth in said one hundred and forty-eighth chapter, and the thirtieth section thereof; and thereupon, the justices being satisfied that the debtor had made full disclosure of his business affairs and property, administered to him the oath contained in the twenty-eighth section of said chapter.

"And the justices aforesaid were selected as follows; John E. Godfrey, by the debtor; and Asa Waterhouse, by a deputy sheriff, who might legally serve the precept upon which the debtor was arrested, on the part of the creditors, who declined to select a justice, being absent."

The record further shows, that the appraisers, on the same day, estimated all the debtor's "interest in certain choses in action and notes and accounts assigned to Samuel McLellan and Nathan Wyman, at the sum of one dollar; and that, on the same day, the debtor assigned and transferred to " Cyrus Clement and *Isaacus Smith,* composing the firm of Clement & Smith, doing business in Boston," all his right and interest to the appraised property.

*Josiah Crosby,* for defendants.

*C. P. Brown,* for plaintiffs.

The certificate and record of the justices state, that all the proceedings had in the premises, were had in a case wherein Cyrus Clement and *Isaacus Smith* were creditors. These are not the names of the creditors in the bond, nor of the plaintiffs in this suit, consequently no citation has been served and no valid disclosure has been made upon the bond. *Fales & al.* v. *Dow & al.* 24 Maine, 211; *Slasson* v. *Brown & al.* 20 Pick. 436; *Boyden* v. *Hastings,* 17 Pick. 200.

The certificate is conclusive, as to the service of the citation on the persons named. But the creditors may go behind these proceedings, and show an informality in their proceeding on the notice, prior to the administration of the oath. 11 *Pick.* 489; 15 Maine, 337; 3 Fairf. 415.

Besides, the choses in action were not lawfully appraised before the oath was administered. This vitiates the doings. *Harding* v. *Butler*, 21 Maine, 191; 26 Maine, 200.

The demands appraised were not set off. The justices did not give to the creditors the lien upon the interest in the disclosed real estate, as contemplated by § 33 of chap. 148, R. S.

SHEPLEY, C. J. — The suit is upon a poor debtor's bond, made on December 31, 1847.

Judgment was recovered and execution issued thereon in favor of Cyrus Clement and Isaacus C. Smith, and the bond was made to them.

In defence, a certificate of two justices of the peace and of the quorum, made substantially in conformity to the form prescribed by the statute, was introduced, stating, that the debtor took the oath on May 28, 1848. That certificate recites correctly the date and amount of the execution and the court before which the judgment was recovered, and that the debtor " hath caused Cyrus Clement and Isaac Smith of Boston, Commonwealth of Massachusetts, the creditors, by George W. Wilcox of Dixmont, in said county, their attorney of record, to be notified according to law."

1. The first objection made by the plaintiff's counsel is in substance, that there is no satisfactory proof, that the creditors were legally notified; and he refers to the case of *Fales* v. *Dow*, 24 Maine, 211, as a decision to that effect. That case was presented upon an agreed statement of facts. This is presented upon such proof as may be legal. In that case the notice by the certificate appeared to have been served upon certain persons named as creditors. In this, it appears to have been served upon the attorney of record of the creditors. In that, it appeared to have been served upon the wrong person.

In this, it appears to have been served upon the right one. The certificate in this case states, that service of the citation was made upon the attorney of record of the creditors. Such a service was authorized by the twenty-third section of the statute. Is the statement, that it was thus correctly served, disproved or vitiated by another statement contained in the certificate, that Isaac Smith was one of the creditors? It may be true, that Isaac Smith was not one of the creditors, and the statement, that he was, be wholly incorrect, and yet be true, that George W. Wilcox was the attorney of record of the creditors. The erroneous statement of the one fact is not inconsistent with a true statement of the other. There is therefore nothing in the certificate to destroy the effect of the statement, that the attorney of record of the creditors was notified according to law. In the case of *Fales* v. *Dow*, the service appearing to have been made upon a person named, it did not appear to have been made upon a creditor, and the statement, that he was a creditor, could not make him one; and the service could not be legal in that case, unless it had been made upon a creditor. So in this case the statement, that Isaac Smith was a creditor, does not make him one, but no service was made upon him or upon any improper person. On the contrary it was made as stated in the certificate upon the person, on whom the law authorized it to be made. It has often been decided in this State, that the certificate of the justices respecting the notice is conclusive, unless its effect be destroyed by an agreed statement of facts, or by a voluntary admission of illegal testimony. In the case of *Slasson* v. *Brown*, 20 Pick. 436, it was held not to be conclusive. And the court came to its conclusion by an examination of the preliminary proceedings. In that case, if the certificate had been regarded as conclusive, the court would have come to a different conclusion. The case can therefore be no authority in this State, where a different effect is given to the certificate of the justices.

2. The second objection is, that the certificate and record of the proceedings of the justices do not exhibit a compliance

with the requirements of the twenty-seventh section of the statute. The provisions of that section are directory. The justices are not required to make a record of their compliance with its provisions; and the form of their certificate is prescribed by the thirty-first section, and its effect by the thirty-second.

3. The third objection is, that all the choses in action were not appraised. And the demands left with George H. Gates for collection, and the contracts of Nathan Wyman and of Samuel McLellan to account to the debtor for the demands assigned to them are designated as those not appraised.

It appears, that the debtor's interest in the demands left with Gates had been before assigned to Nathan Wyman; and the appraisal included all the debtor's "interest in certain choses in action and notes and accounts assigned to Nathan Wyman and Samuel McLellan." The debtor's interest in the demands left with Gates was therefore appraised.

The accountable receipts or contracts given to the debtor by Wyman and McLellan, determined the extent of the debtor's interest in the demands assigned to them, and his right to recover it. The appraisal of the debtor's interest, as thus exhibited, necessarily carried with it his interest in those receipts or contracts; for by them alone would the interest of the creditors, as assignees, and their right to recover of the first assignees, be determined. The debtor could have no further or separate interest in them, after his interest in the demands had been appraised and assigned to the creditors.

The appraisal does therefore appear to have included all the debtor's interest in the choses in action disclosed.

4. The fourth objection is, that the choses in action, which were appraised, were not set off to the creditors.

The persons selected to make the appraisement are required by the twenty-ninth section to "appraise and set off such property, or enough of the same, to satisfy the amount of the debt, costs and charges." If the creditor be absent, the debtor is required by the thirtieth section to "deposit with the justices an assignment in writing to the creditor, of all the

property thus appraised and set off." It does not appear to have been intended, that the debtor's interest should be transferred to the creditor by a set-off made by the appraisers, for he is in all cases required to assign his interest. The only purpose of the set-off appears to be to designate the property to be assigned, when the debtor discloses more than sufficient to pay the creditor. When the whole of such property, as in the present case, is assigned, a formal set-off, made by the appraisers, could be of no importance. Its omission does not infringe upon the rights of the creditor, or prevent the administration of the oath.

5. The fifth objection is, that the justices did not "give the creditor a certificate" of the real estate disclosed. The creditors in this case were not present, nor were they represented before the justices. It was not the intention of the Legislature to require them, by the provisions of the thirty-third section, to give such a certificate, unless some person authorized to receive it was present, or unless application was subsequently made for it. *Plaintiff's nonsuit.*